UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JONATHAN W. THUENER,            :    CASE NO. 1:14-CV-2645
:
Plaintiff,        :
:
vs.                             :    OPINION & ORDER
:
OHIO DEPARTMENT OF              :
REHABILITATION AND CORRECTION,  :
:
Defendant.        :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This is a *pro se* civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. The plaintiff has been granted leave to proceed *in forma pauperis*. His motion to add documents to file as exhibits (Doc. No. 5) is also granted. For the reasons stated below, his action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. His remaining motion requesting information regarding court dates (Doc. No. 6) is denied as moot.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss *sua sponte* any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Similarly, a district court must dismiss

as soon as practicable after docketing any civil action brought by a prisoner against a governmental entity that fails to state a claim. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In order to survive dismissal, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A). The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In considering whether a complaint is subject to dismissal, the complaint is construed favorably to the plaintiff and his well-pleaded factual allegations are accepted as true. *See Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004).

## Plaintiff's Allegations

The plaintiff alleges he was denied access to his legal materials and "pack-up" from April 18, 2014 to July 25, 2014, while he was housed in disciplinary segregation in the Mansfield Correctional Institution. He was initially placed in segregation on April 18th, after he was found guilty of physical resistance by the prison's Rules Infraction Board. He alleges he sought access to his legal materials and pack-up while he was in segregation but that his requests were repeatedly ignored by Sergeant Littleton and others.

On June 16, 2014, he filed an informal grievance complaining of his lack of access to his legal materials and other items. He received a response, dated June 30, 2014, signed by Warden Lazaroff and DWSS Ms. Wainwright. The response stated that "she/he talked to [Unit

Manager] King" and that King said he would address the issue.  However, the plaintiff alleges "[n]othing [was] done," and he filed a formal grievance on July 15, 2014.  He received a disposition of his formal grievance on July 29, 2014.  The disposition stated that his grievance had been resolved because he was released from segregation to the general population on July 25, 2014; therefore, he was allowed access to his property.

The plaintiff contends, however, that "[t]he issue was not corrected" because "he spent 90+ days in segregation without legal materials."  He seeks compensation for pain and suffering and mental anguish, and an order requiring the Ohio Department of Rehabilitation and Correction "to acknowledge when someone needs their legal materials."

**Analysis**

In order to state a claim for relief under § 1983, the plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law.  42 U.S.C. § 1983.  The plaintiff's complaint fails to state a cognizable claim under § 1983.

First, the plaintiff has not alleged a cognizable claim against the Ohio Department of Rehabilitation and Correction, the only defendant the plaintiff specifically names as a defendant in the case.[1]  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 591 U.S. 58, 71 (1989).  The Ohio Department of Rehabilitation and Correction is an agency of the State of Ohio and, thus, it cannot be held liable under § 1983.  *Good v. ODRC*, Case No. 1: 14 CV

---

[1] The plaintiff identifies the defendant in his complaint only as:  "Ohio Dept. of Rehab. & Corr. & Staff."

875, 2014 WL 2172315 (N.D. Ohio May 23, 2014).

Second, the plaintiff has not alleged a cognizable constitutional claim.  Although prisoners have a right under the First Amendment of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821–24 (1977), this right is not unlimited.  *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Rather, as the Sixth Circuit has held:

> No claim for interference with a prisoner's right of access to the courts exists unless the plaintiff alleges that the defendant prevented him from filing a non-frivolous legal claim challenging his conviction.  [The] Plaintiff must allege that he has suffered an actual injury to state a claim.  [The] Plaintiff must allege that a non-frivolous claim was lost or rejected, or that the presentation of such a claim is currently being prevented.

*Clark v. Corrections Corp. of America*, 113 Fed. App'x 65, 2004 WL 2203594, at * 2 (6th Cir. Sept. 16, 2004) (citing *Lewis v. Casey* and affirming *sua sponte* dismissal of a prisoner's claim of denial of access to the courts where the prisoner "offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous legal claim" in denying him access to prison law library while he was housed in medical segregation).

The plaintiff has not alleged that his lack of access to his legal materials during the time he spent in disciplinary segregation in the Mansfield Correctional Institution actually hindered his efforts to pursue a non-frivolous legal claim.  He has not alleged facts suggesting he was prevented from filing a non-frivolous legal claim challenging his conviction, that a non-frivolous claim was lost or rejected, or that the presentation of such a claim is currently being prevented.  Accordingly, the plaintiff has failed to allege a cognizable constitutional claim arising from his lack of access to his legal materials during the time he was housed in

segregation.

## Conclusion

For the reasons stated above, the plaintiff's complaint fails to state a claim on which relief may be granted and is, accordingly, dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 22, 2015               *s/         James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE